PHILLIPS, appellant, v. CONKLIN.

*Contract to purchase real estate — false representations by vendee.*

Plaintiff, who owned two stores, represented to defendant, who desired to invest in real estate which would yield an immediate income, that one of the stores rented for $900 a year and upwards, and that the other was already rented and the tenants ready to come in. Relying upon these statements, defendant agreed to purchase the stores. At the time a part of one of the stores was rented for $600 a year, but no other part of either building was rented. In an action for damages resulting from defendant's refusal to complete the agreement to purchase, *held*, that the representations were material, and being untrue, defendant was not bound to carry out his contract.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought by Frank H. Phillips against Nathaniel Conklin, to recover $1,000 stipulated damages for non-performance of an agreement to exchange lands. The essential facts appear in the opinion.

*R. H. Underhill*, for appellant.

*N. Millard*, for respondent.

TAPPEN, J. The plaintiff owned two houses and lots in Brooklyn, and the defendant owned a farm in Putnam county. The parties entered into an agreement for the exchange of their respective properties, and became bound to each other in the penal sum of $1,000 as fixed and settled damages to be paid by the failing party. The defendant failing to perform, this action is brought to recover the damages. The chief defense passed upon by the referee was

that the plaintiff and his agents made material representations as to the rental of the plaintiff's property, as an inducement to the defendant to enter into the contract, and that such representations were false.

The defendant was a farmer, of advanced age, and he desired to obtain property producing an immediate income for his support. The representations, proved to have been made to him when he examined plaintiff's property, were that one of the stores rented for and over $900 per year, and that the other store was also rented, but not occupied, but the tenants were ready to come in. At the time of the making these representations a part of one of plaintiff's stores was rented at $600 per year; but there were no tenants in any other part of the building, and no rent accruing therefrom.

The representations were a material inducement to the defendant's making the contract. They were not true, and they were made by plaintiff; and, in respect to the renting of one store at $900 per year, the representations were also made in a letter from the broker, written to the defendant, and the broker had his information from the plaintiff.

The conclusions at which the referee arrived are supported by the testimony, and justified the defendant in refusing to be bound by the agreement. *Smith* v. *Countryman,* 30 N. Y. 655.

There is no positive standard by which to determine whether a fraud be material, but the following rule is laid down: "If the fraud be such that, had it not been practiced, the contract would not have been made or the transaction completed, then it is material." 2 Pars. on Contr. 267. And the representation being untrue and influential will vitiate the transaction, whether it be willfully and designedly false, or ignorantly or negligently untrue. *Taylor* v. *Fleet,* 1 Barb. 471; 1 Story's Eq. Jur., §§ 192, 195. All these elements appear in the case in favor of the defense, and the judgment should be affirmed, with costs.

*Judgment affirmed.*